SHIELDS, ordinary, for use, *vs.* BLANCHARD.

1. A wife, after her divorce and separation from her husband, cannot enforce an execution against him for a balance due on a judgment against him, transferred to her in order to protect his property from junior judgments, she having paid nothing for the transfer, and it not being made to her as a gift, but to protect him. If there was any fraudulent design in respect to creditors, so as to vitiate the arrangement, she was a party to it, and the courts will not enforce the transaction for one party against the other, but will leave them both where they are found.

2. The question whether the *fi. fa.* was delivered to an alleged transferee was open to parol testimony, and was not concluded by, or contrary to, anything in writing.

3. The consideration on which the transfer of a *fi. fa.* was made was open to investigation and explanation by parol evidence.

4. The charges and refusals to charge are not materially erroneous, inasmuch as the principle contained in the first head-note requires the verdict and judgment.

(*a.*)What a plaintiff in execution said after parting with his title thereto was inadmissible on an issue raised under the enforcement of the *fi. fa.* by the transferee.

Judgment affirmed.

March 10, 1885.

JACKSON, Chief Justice.

[Mrs. Blanchard, as transferee, caused a *fi. fa.* to be levied on certain property of Blanchard, her husband, from whom she had been divorced since the transfer. The defendant interposed an affidavit of illegality, alleging settlement, and that Mrs. Blanchard had no real interest in the *fi. fa.*, having paid nothing for it, and it never having be · i delivered to her.

(). the trial, it was shown that Davie obtained a judgme · against Blanchard, as administrator. He then sued on the bond of Blanchard, which antedated the constitution of 1868. An agreed verdict was taken for the full amount of about $1,600.00, and the plaintiff instructed his attorney to remit to Mrs. Blanchard all above $1,000.00 on the judgment. A transfer of all above that amount to her was prepared and signed, reciting that it was for value received. It was delivered to the attorney for Blanchard, his wife not being present or represented by attorney. The $1,000.00 was subsequently paid to plaintiff by a firm who took a transfer of the *fi. fa.* to the extent of that amount. The transfer to Mrs. Blanchard was to be used for the protection of a homestead which had been taken by Blanchard against certain junior *fi. fas.*, which were considered also good against the homestead. This was the closing up of a long litigation between Davie, the plaintiff,

and Blanchard, who was his kinsman, the former desiring, when his litigation ended, to shield the latter's family as far as the excess of his debt was concerned.

The jury found for the defendant. Plaintiff moved for a new trial on many grounds, among them being the following:

(1.) Because, on defendant's asking a witness to state all he knew of the execution of the transfer of March 23, 1874, on which plaintiff moved the court to instruct the witness to state nothing in the way of oral testimony to vary or contradict the transfer, the plaintiff basing the motion on the ground that any such oral testimony would be inadmissible, as no foundation had been laid for its introduction by any allegation of defendant of fraud, accident or mistake in the execution of the transfer, the court failed to so instruct the witness, saying, "We don't know what the witness is going to testify; let's hear what he will say; if anything is inadmissible, I'll rule it out at the proper time."

(2) Because the court allowed the defendant to introduce testimony of a witness which, it was claimed by plaintiff, was introduced to show that the transfer of March 23, 1874, was drawn for another purpose than that therein expressed, the court holding that such testimony did not contradict but explained the same.—The objection was that no allegation of fraud, accident or mistake had been made to justify its introduction.

(3.) Because the court excluded testimony, to the effect that, shortly before the levy, Davie informed the witness that Mrs. Blanchard had money coming to her; that he (Davie) had transferred to her a part of his judgment against T. A. Blanchard, and wanted her to have it; that Davie wanted the witness to acquaint her with these facts, and stated where the transfer could be found; and that the witness communicated these facts to the plaintiff's brother,—the court holding it to be hearsay testimony.

(4.) Because the court, in giving plaintiff's second request, which was as follows, "The owner of a judgment may transfer any part of it to a third party, provided he makes the transfer in writing; and the party to whom the transfer is made then becomes the owner of that part of the judgment, and is entitled to collect it out of the defendant," qualified it as follows: "this is so, provided there is a delivery and acceptance."

(5.) Because the court charged as follows: "If the jury believe from the evidence that the transfer from Davie to Mrs. C. V. Blanchard was never intended for her sole benefit, but was·to be left with T. A. Blanchard, or his agent, under his exclusive control and direction, to be used, if occasion should require, for the benefit of T. A. Blanchard and his family, and was so left, and has so remained under the control and direction of said T. A. Blanchard, or his agent, then defendant, T. A. Blanchard, should recover in this case."

(6.) Because the court charged as follows: "If the jury believe from the evidence that the transfer from Davie to Mrs. C. V. Blanchard was gotten up for the protection of T. A. Blanchard and his family, and was never delivered to Mrs. Blanchard, actually or constructively, and nothing was paid by her for it, and it remained all the time in the control of T. A. Blanchard and his agent, then defendant, T. A. Blanchard, should recover in this case."

(7.) Because the court charged as follows: "A written transfer of the judgment to Mrs. Blanchard, such transfer expressing on its face that it was for her, vested title to the same to her only, when the said written transfer should be delivered to her, either actually or constructively."

The motion was overruled, and plaintiff excepted.]